ROBERT B. EASLEY *v.* STATE OF INDIANA.

[No. 1-275A22. Filed October 23, 1975. Rehearing denied November 25, 1975. Transfer denied May 27, 1976.]

*Belle T. Choate,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Easley appeals his conviction of possession of a dangerous drug, to-wit: marijuana, in violation of IC 1971, 16-6-8-1 *et seq.,* (Burns Code Ed.), presenting three issues for review:

(1) Whether the trial court erred in overruling his motion to suppress.

(2) Whether the trial court erred in denying his motion for discharge.

(3) Whether the trial court abused its discretion in failing to recommend Easley for the drug abuse treatment program.

On February 1, 1973, Officer Cashdollar of the Indiana State Police, observed a vehicle make an improper turn by failing to use a turn signal or a hand signal. Cashdollar proceeded to stop the vehicle and noticed that it had three occupants. He requested a driver's license and a vehicle registration, but the driver could only produce the license. As the driver searched for the registration, however, Cashdollar noticed a roach clip behind the driver's seat.

Cashdollar then requested that the driver remove himself to the officer's vehicle while he radioed for information concerning the vehicle's registration. The information received by Cashdollar disclosed that while the vehicle was registered to the driver, he was a possible drug abuser. Cashdollar then

requested and received the names of the other two persons in the vehicle from the driver. Acting upon the suspicion aroused by the roach clip, Cashdollar returned to the vehicle and asked the persons for identification.

As the person in the rear seat began searching for identification, Cashdollar noticed that he was sitting on a green plant material, which Cashdollar believed to be marijuana. Cashdollar then removed the two persons from the automobile, collected the green plant material he had observed on the seat, and began a personal search of the person who had been in the rear seat.

As Cashdollar patted down this passenger, the other passenger, the defendant Easley, turned away from him in an attempt to hide a leather pouch which was attached to his belt. Cashdollar ordered Easley to turn so that he could observe the leather pouch while he patted down his suspect. However, Easley again turned away and attempted to remove something from the leather pouch. Thereupon, Cashdollar approached Easley with the intention of discovering the contents of the pouch. At this time, Easley began screaming that: "I have a bag of grass but you're not going to get in my bag."

As soon as the defendant was restrained, Cashdollar cut the pouch loose from the defendant's belt. Subsequent examination by a chemist for the Indiana State Police disclosed that the pouch did contain marijuana.

## I.

Initially, defendant argues that the search of his person which revealed the pouch of marijuana was unlawful and that the trial court therefore erred in denying his motion to suppress and his motion to reconsider the motion to suppress. We do not agree.

As defendant concedes, a warrantless search of the person is a "reasonable" intrusion under the Fourth Amendment to the Constitution where that search is incident to a ▮ lawful custodial arrest. *Sizemore* v. *State* (1974), 159 Ind. App. 549, 308 N.E.2d 400, *cert. denied*, 420 U.S. 909; *United States* v. *Robinson* (1973), 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427; *Gustafson* v. *Florida* (1973), 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456. In such situations, it is the fact of the lawful custodial arrest which justifies the search, and no other justification is needed. *Sizemore, supra.* Further, a search incident to an arrest is not rendered invalid merely because it precedes a formal arrest or notice of arrest where probable cause for the arrest exists prior to the search. *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133; *Sizemore* v. *State, supra.* Thus, the question herein is whether Officer Cashdollar had probable cause to arrest the defendant at the time he searched him. In our opinion, he did.

The facts known to Cashdollar at the time he searched defendant were sufficient to warrant the intrusion. Upon approaching the automobile after lawfully detaining it, Cashdollar observed paraphernalia used in smoking marijuana cigarettes, specifically a roach clip, on the back seat of the automobile. He had learned from headquarters that the driver was a suspected drug abuser. Further, upon confronting the two passengers and asking for identification, Cashdollar observed a green plant material between the legs of the passenger in the back seat. Based on his experience, Cashdollar suspected that this plant material was marijuana. Thereupon, Cashdollar ordered the passengers to exit the vehicle and began a pat down search of the rear seat passenger. At that time, the other passenger, the defendant herein, made certain suspicious movements as if trying to remove something from a leather pouch on his belt. Cashdollar ordered defendant to refrain from such movements. When defendant persisted, Cashdollar approached him in an effort to ascertain the con-

tents of the pouch. Thereupon, defendant exclaimed that he had a bag of grass and that Cashdollar wasn't going to get into his bag.

From these circumstances, it is apparent that Cashdollar had probable cause to arrest the defendant. Although a formal arrest was not effectuated prior to the search, such was not necessary. Due to the destructability of the evidence and the prior attempts of the defendant to get to that evidence, it was proper for Cashdollar to effectuate an immediate search.

Based upon the foregoing discussion, we conclude that it was not error to overrule defendant's motion to suppress and his motion to reconsider the motion to suppress.

Secondly, defendant maintains that the trial court erred in ▆▆▆ refusing his motion for discharge pursuant to Ind. Rules of Procedure, Criminal Rule 4(C). We do not agree.

Initially, we note that since CR. 4 was amended in 1974, its present wording is inapplicable herein. Rather, the pre-amendment version of the rule is controlling. It provided, in pertinent part, as follows:

"(C) *Defendant on recognizance.* No person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than one year continuously from the date on which a recognizance was first taken therein; but he shall be discharged except as provided by subdivision (A) of this rule."

The exception provided in CR. 4(A) which is referred to in CR. 4(C) read:

". . . except where a continuance was held on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set

for trial, or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor."

In applying the exception to the general discharge requirement of CR. 4, the courts of this State interpreted the pre-amendment rule in such a manner that any delay or continuance initiated by or attributable to the defendant caused the one year period of CR. 4(C) or the six month period of CR. 4(A) to start anew on the last day of the delay or continuance. *Holt* v. *State* (1974), 262 Ind. 334, 316 N.E.2d 362; *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411. We therefore must examine the record to ascertain when, if ever, the defendant caused any delaying action. The pertinent dates for purposes of this issue are:

(1) February 2, 1973—Defendant charged by affidavit with possession of drugs.
(2) March 15, 1973—Motion to suppress evidence filed.
(3) March 17, 1973—Hearing set on motions to suppress on March 29, 1973.
(4) April 25, 1973—Hearing held on the motion to suppress, matter taken under advisement pending filing of briefs.
(5) June 11, 1973—*Defendant's motion for extension of time to file briefs granted until Monday, July 2, 1973.*
(6) May 13, 1974—Defendant brought to trial.

Clearly, under the interpretations of pre-amendment CR. 4 which are applicable herein, the one year period of CR. 4(C) began to run anew on July 2, 1973, the last day of the delay caused by defendant's requested continuance to file a brief on his motion to suppress. Since defendant was brought to trial within one year of July 2, 1973, it was not error to overrule his motion for discharge.

## III.

Finally, defendant contends that the trial court abused its discretion in refusing to follow a recommendation of the Department of Mental Health that defendant be admitted

for treatment as a drug abuser pursuant to IC 1971, 16-13-6.1-18 (Burns Supp. 1974):

"16-13-6.1-18. *Treatment by department—Probation upon conviction*. If a court has reason to believe that an individual convicted of a crime is a drug abuser or the individual states that he is a drug abuser and the court finds that he is eligible to make the election provided for under section 16 [16-13-6.1-16], the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department. In offering an individual an election, the court shall advise him that (a) if he elects to submit to treatment and is accepted he may be placed on probation and under the supervision of the department for a period not to exceed the maximum sentence that could be imposed for his conviction or three (3) years, whichever is less; (b) during probation he may be confined in an institution or, at the discretion of the department, he may be released for treatment or supervised aftercare in the community; and (c) if he adheres to the treatment program and fulfills the other conditions of probation, he will be discharged, but any failure to adhere to the treatment program is a breach of probation. The court may certify an individual for treatment while on probation and probation supervision of the proper probation authorities regardless of the election of the individual.

"If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the department to determine whether he is a drug abuser and is likely to be rehabilitated through treatment. Within a reasonable time after receiving an order to conduct an examination, the department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment. *If the court, acting on the report and other information coming to its attention, determines that the individual is not a drug abuser, or is a drug abuser not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases.* If the court determines that the individual is a drug abuser and is likely to be rehabilitated through treatment, the court may place him on probation and under the supervision of the department for treatment and of the proper probation authorities for probation supervision and may require such progress reports on the individual from the probation

officer and the department as the court finds necessary. No individual may be placed under supervision unless the department accepts him for treatment.

"Failure of an individual placed on probation and under the medical supervision of the department to observe the requirements set down by the department shall be considered a probation violation. Such failure shall be reported by the department to the probation officer in charge of the individual and treated in accordance with probation regulations." (Emphasis added).

Herein, pursuant to defendant's petition, the trial court ordered defendant to submit to an examination by the Department of Mental Health, Addiction Services Division. The report issued by that division read, in pertinent part:

"The Department of Mental Health has completed its examination of Robert Dennis Easley and has concluded that he is a drug abuser, and that he is likely to be rehabilitated through Psychopatic [sic] Treatment first and then a Drug Treatment Program. A copy of that examination report is attached."

Once the trial court received the report from the mental health department, it was incumbent upon the trial court to exercise its discretion based upon the report and upon other information coming to it to determine (1) whether defendant was a drug abuser, and (2) whether he was likely to be rehabilitated through the Drug Abuse Treatment Program of the Department of Mental Health. *Reas v. State* (1975), 163 Ind. App. 316, 323 N.E.2d 274; *Glenn v. State* (1975), 163 Ind. App. 119, 322 N.E.2d 106. Thus, a decision by the trial judge to commit a convicted defendant to treatment or deny treatment and pronounce sentence is reviewable only for an abuse of discretion. Having examined the record and in light of the report of the Department of Mental Health which discloses that rehabilitation of defendant was likely to be achieved through psychopathic, as opposed to drug abuse treatment, we find no reversible error under this issue.

No reversible error having been demonstrated, the judgment below is affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 335 N.E.2d 838.