Billy RILEY, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 682S225.

Supreme Court of Indiana.

Oct. 28, 1982.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Billy Riley, was convicted by a jury of robbery, a class A felony. Ind.Code § 35–42–5–1 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for a period of twenty years. In his direct appeal, he presents the following issues for our review:

1. Whether the evidence was sufficient to support the jury's conclusion that defendant inflicted bodily injury upon the victim; and

2. Whether the trial court erred when it permitted the state to introduce portions of a videotaped statement of defendant.

The record reveals that at approximately 9:00 p.m. on September 1, 1981, defendant and two other men, Dennis Caldwell and Randy Wilber, went to the residence of Robert Disher at 2203 South Biltmore in Muncie, Indiana. When Disher answered their knock on the door, defendant grabbed Disher by the head, twisted it to the side, and pushed him back into the house. Disher fell backwards to the floor. Defendant took his wallet and the three men fled.

Disher was discovered in an unconscious state, lying near the front door of his home. He was taken to Ball Memorial Hospital in Muncie, Indiana, where he underwent surgery for a subdural hemotoma. He never regained consciousness and eventually died of postoperative pneumonia and meningitis.

I.

Defendant maintains the evidence is insufficient to support the jury's conclusion that he inflicted bodily injury in the course of the robbery. It is well settled that when this Court is confronted with a challenge to the sufficiency of the evidence, it is not our prerogative to weigh the evidence or judge the credibility of witnesses. As an appellate tribunal, we are required to examine the evidence most favorable to the fact-finder's conclusion, together with the reasonable inferences which can be drawn therefrom. If, from the viewpoint, there is substantial evidence of probative value to

support the fact-finder's conclusion beyond a reasonable doubt, it will not be disturbed. *Easley v. State,* (1981) Ind., 427 N.E.2d 435; *Schultz v. State,* (1981) Ind., 422 N.E.2d 1176.

The record includes defendant's statement that when the victim Disher answered their knock on the door, defendant grabbed Disher's head, twisted it, and pushed him backwards into the house, knocking him to the floor. Dennis Caldwell, who participated in the robbery with defendant, stated that Disher hit his head when he was knocked to the floor. He also testified that when they left the residence, the victim Disher was lying on the floor unconscious. A paramedic and a police officer testified that when they arrived at the scene, the victim was lying near the front door; they testified he had vomited but was unconscious. They also testified that the victim had abrasions on and about his head. A forensic pathologist who conducted the autopsy on the victim testified that he died as a result of infection in the lungs and brain, a consequence of the surgery necessary to remove the subdural hematoma. It was his expert opinion that the subdural hematoma had been caused via blunt impact to the head of the victim.

Defendant asserts that the evidence reveals the injuries to the victim's head had been inflicted during a prior robbery; the record reveals that on August 28, 1981, Caldwell and Wilber, acting without defendant's assistance, had gone to the victim's residence, hit him on the head with an iron pipe, and robbed him.

The record also reveals, however, that the victim Disher did not lose consciousness during the course of that robbery. Furthermore, on the date of the robbery in which defendant was involved, the victim had kept an appointment with his psychiatrist, Dr. Harry Mannah. The psychiatrist testified that the victim Disher had informed him that he had been mugged several days earlier; Mannah also stated that he saw no signs of subdural hematoma and that Disher was alert and coherent during the examination.

Based on the foregoing evidence, it cannot be said that the jury erred in its conclusion that defendant inflicted bodily injury on the victim. There is substantial evidence to support its conclusion that the subdural hematoma and head wounds sustained by the victim were the result of defendant's actions during the course of the robbery on September 1, 1981. *Gatewood v. State,* (1982) Ind., 430 N.E.2d 781; *Clay v. State,* (1981) Ind., 416 N.E.2d 842. Defendant's conviction for robbery as a class A felony is supported by the evidence. Ind. Code § 35–42–5–1, *supra.*

## II.

After defendant had been arrested for the crime at issue, he was advised of his rights and signed a waiver of rights form. He then agreed to discuss the incident with Muncie City Police Officer Duane Cougill. The conversation was recorded on videotape and included the following colloquy between Cougill and defendant:

DUANE COUGILL: "Do you know if he hit his head on anything when he fell?"

BILLY RILEY: "I didn't really pay that much attention. I just noticed he fell."

DUANE COUGILL: "Do you know what part of his head he hit when he fell down? Would you know?"

BILLY RILEY: "To me it looked—because he landed on his back, I would think he hit the back of his head."

At trial, defendant objected to the introduction of this portion of the videotaped interview on the basis that Cougill's question was leading and called for a guess or speculation from defendant. The objection was overruled and the videotape was shown in its entirety to the jury. Here, defendant renews his contention that the statements were improperly admitted.

The trial court did not err in admitting the statements. Strictly speaking, defendant had been asked only whether he knew which part of the victim's head had struck the floor. His opinion was based on his own peculiar knowledge of the manner in which the victim was pushed and fell. Con-

sequently, the trial court did not abuse its discretion in admitting the statements; as the court noted, the weight and significance to be accorded the testimony was a matter which defendant could attack via cross-examination and final argument. *Bond v. State,* (1980) Ind., 403 N.E.2d 812; *Perry v. State,* (1971) 255 Ind. 623, 266 N.E.2d 4. Furthermore, the statements were of *de minimus* import in light of accomplice Caldwell's statement that the victim's head did strike the floor after he was pushed and fell. Any error in the admission of the statements would necessarily be harmless in light of Caldwell's testimony and the corroborative nature of the medical evidence which was admitted. *Pollard v. State,* (1979) 270 Ind. 599, 388 N.E.2d 496.

For all the foregoing reasons, there was no trial court error and its judgment should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.