**J.W. GANN and Larry Gann,
Appellants,**

**v.**

**STATE of Indiana, Appellee.**

No. 785S304.

Supreme Court of Indiana.

April 6, 1988.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellants of Conspiracy to Commit Burglary, a Class C felony, for which they

received eight (8) years, enhanced by thirty (30) years by reason of their status as habitual criminals, and Conspiracy to Commit Theft, a Class D felony, for which they received four (4) years, the sentences to run concurrently.

The facts are: At trial, Kenneth Chandler testified that he and appellants drove from Indianapolis to the Osgood Service Center in Osgood, Indiana, to look the place over, then they returned to Indianapolis. The next night they returned to the service center and as Chandler stood outside with a radio in hand as the lookout, appellants broke into the store by using channel locks to unscrew the lock on the door. Appellants rolled twenty-four truck tires out of the back door and loaded them into a service truck they found in the building. They drove the truck to a nearby cornfield and hid the tires among the cornstalks. They abandoned the truck and drove back to Indianapolis. They rented a U–Haul truck, drove to Osgood and loaded the truck with the tires. As they started driving out of the field, the steering broke, causing the U–Haul to run into a fence. They borrowed a friend's pickup truck and moved the tires to another cornfield. They beat the ignition off of the U–Haul and reported it stolen.

Police found the U–Haul truck and the rental agreement inside it which led them to appellants and Chandler. Footprints in the back of the U–Haul matched those found at the service center. Also, police found the tires hidden in the cornfield.

While police were looking for the stolen tires they saw a car which matched the description of a car seen at the time of the break-in near that location. The car was registered to Brenda Gann and the driver was identified as J.W. Gann. In the car police found channel locks, wire cutters and a flashlight.

Appellants first argue that their conviction should be reversed because the trial court erred in not holding a hearing or ruling upon the competency of Kenneth Chandler as a witness. Appellants filed one motion which simply objected to the competency of Chandler and another motion which requested that Chandler be examined by a psychiatrist to determine his competency as a witness. They supplied the court with no affidavits or reasons supporting these motions.

The record contains no ruling or order on appellants' motions nor was a hearing conducted on Chandler's competency to testify. At trial Chandler testified without objection. Chandler's testimony reported in detail the events of the break-in and inculpated both appellants.

 When no ruling is made on a motion by the trial court, it cannot be assumed that the motion was denied. By proceeding to trial without objecting to the court's failure to hold a hearing on the motion objecting to Chandler's competency or to enter a ruling, appellants have waived any alleged error. *Budd v. State* (1986), Ind., 499 N.E.2d 1116; *Minton v. State* (1978), 269 Ind. 39, 378 N.E.2d 639.

 Appellants assert that should the above issue be deemed waived, their convictions should be reversed due to ineffective assistance of counsel.

A strong presumption exists that counsel rendered adequate legal assistance. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. To overcome that strong presumption, appellants must 1) identify the acts or omissions of counsel which are alleged not to have been the result of reasonable professional judgment and 2) show that their defense was prejudiced as a result of their attorney's unreasonable acts. Appellants must establish that, but for the unprofessional error, the result of their case would have been different. *Id.; Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

In response to the prosecutor's questions during direct examination, Chandler stated that he did have a mental disability which qualified him for the receipt of social security benefits. His testimony, however, showed that he knew he had been charged in this case and was not a defendant because he was given immunity of all charges if he agreed to testify. He recited the facts surrounding the break-in lucidly and

in detail and said he was telling the truth because it was the right thing to do. Nothing in the record reflects that Chandler was unable to comprehend the questions posed to him or the nature of his oath.

We find that, had appellants' counsel objected to Chandler's competency at trial, the trial court would not have erred in overruling the objection and finding Chandler competent to testify. Therefore, appellants have not shown that, but for their counsel's error, the result of their case would have been different. We find no reversible error.

Appellants argue that the trial court erred by denying their motion to suppress certain evidence.

At approximately 3:00 a.m., the morning after the burglary was discovered, Officer McKinney stopped the car which J.W. Gann was driving. During a quick weapon search of the vehicle, McKinney found a pair of channel locks in plain view on the floorboard of the car.

■ At a pretrial hearing on the motion to suppress, McKinney gave the following reasons for stopping the car: it matched the description of the car seen by a witness near the service center about the time of the offense; J.W. Gann was a suspect in several burglaries in southeast Indiana and the *modus operandi* of these burglaries was similar to that of the service center burglary; a license plate check revealed that the car was registered to Brenda Gann of Indianapolis; and police suspected that the stolen tires were still in the area and the burglar would probably return to collect them. Appellants argue that the police were not justified in stopping Gann's vehicle and that evidence concerning the channel locks found in the car should have been suppressed.

A police officer may make an initial investigatory stop of a person or vehicle, even though probable cause for arrest is lacking, when the facts known to the officer at the time of the stop are such as to warrant a man of reasonable caution that an investigation is appropriate. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Broadus v. State* (1986), Ind., 487 N.E.2d 1298. We find that police had a reasonable suspicion of Gann's involvement in criminal activity and were justified in making an investigatory stop.

■ Appellants also argue that the channel locks were found pursuant to an illegal search of their vehicle.

Once a vehicle has been stopped for investigative purposes, an officer may conduct a search for weapons, without first obtaining a search warrant, if the officer reasonably believes that he or others may be in danger. *Terry, supra; Castle v. State* (1985), Ind.App., 476 N.E.2d 522.

Officer McKinney testified that before he stopped Gann's vehicle he knew he was a convicted felon and had been advised that he might have a weapon. He also stated that, in his opinion, it was necessary to search the interior of the car for his personal safety. The channel locks were found pursuant to the officer's search for weapons. We find that the officer's search for weapons was justified in these circumstances, and the evidence of the channel locks was properly admitted at trial. *Castle, supra.*

Further, McKinney testified that the channel locks were "laying there in plain sight, on the floor board." Evidence which was in plain view to the officer is not seized as a product of a search. *Marsh v. State* (1985), Ind., 477 N.E.2d 877. We find no error in the admission of the evidence.

■ Appellants contend the evidence is insufficient to sustain their convictions. They believe that the State failed to present sufficient evidence to prove beyond a reasonable doubt that there existed "an agreement to commit a felony."

Appellants concede that upon a question of the sufficiency of the evidence, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *McAfee v. State* (1984), Ind., 459 N.E.2d 1186.

Though appellants recognize evidence exists that they visited the service center to look things over then decided to return the next day and that they planned how and

where to sell the goods, they assert the record is devoid of any conversation between appellants concerning an agreement to take the tires.

A conviction for conspiracy may rest on circumstantial evidence alone. The agreement, as well as the *mens rea*, may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act. *Isom v. State* (1986), Ind., 501 N.E.2d 1074. From the facts in appellants' case, we find sufficient circumstantial evidence to support the conclusion that appellants formed an agreement to commit criminal acts.

■ Appellants argue that the trial court erred in overruling their objection to an instruction given to the jury. The jury was instructed that the flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, may be considered as evidence of consciousness of guilt. Appellants acknowledge that the instruction was a correct statement of the law but contend that the facts in their case did not support such an instruction.

Appellants' trial was set for October 8, 1984. Both appellants failed to appear on that date. Their attorney did appear and assured the court that both appellants had been fully advised of their obligation to appear.

Police located appellants in Brownsville, Texas. They told police they had been vacationing in Acapulco, Mexico. A police officer testified that appellants stated they believed their cause had been continued and they waived extradition and returned to Indiana. Appellants assert that their misunderstanding about the continuance is highly plausible because their trial attorney did move for a continuance, but his motion was denied. Therefore, the instruction about flight was erroneously given.

The instruction of the jury is within the discretion of the trial court and is reviewed only for an abuse of discretion. The appropriateness of giving an instruction on flight must be determined by considering all reasonable inferences which can be drawn from the evidence. *Tanner v. State* (1984),

Ind., 471 N.E.2d 665. The fact that the jury could reasonably interpret the defendants' actions as flight in avoidance of prosecution would support the instruction on flight. *King v. State* (1984), Ind., 468 N.E. 2d 226.

Appellants argue they were denied a fair trial because the court overruled numerous objections to certain testimony. They state that although no individual alleged error may constitute reversible error, the cumulative impact of the errors was prejudicial.

■ At trial a service attendant at the Osgood Service Center testified about his discovery of the break-in. He began to state that upon noticing the service truck was missing, he thought possibly an owner was using it. Before he could complete his statement, appellants objected on the ground of irrelevancy. Their objection was overruled and the witness was allowed to complete his sentence. Appellants believe it was error to allow the witness's statement because it had no logical tendency to prove a material fact.

Appellants are correct that the statement was irrelevant. However, they have not shown how this comment had any prejudicial impact upon their case. It is the objecting party's burden on appeal to establish reversible prejudice. *Watkins v. State* (1984), Ind., 460 N.E.2d 514. Appellants have shown no such error.

■ Appellants believe highly prejudicial evidence was admitted at trial when a police officer was asked about damage to the U–Haul truck. When asked whether he had seen damage to an ignition system like that in the U–Haul, he said that he had in stolen-car cases. Appellants argue that the admission of this irrelevant evidence was error.

Chandler testified that he and appellants beat the ignition off of the U–Haul so they could report it stolen. Appellants were not prejudiced by the officer's testimony because the jury heard Chandler testify as to the breaking of the lock and the reason therefor. Because appellants were not prejudiced, we find no reversible error.

*Wagner v. State* (1985), Ind., 474 N.E.2d 476.

Appellants also complain that evidence of Chandler's prior charges was erroneously admitted. Chandler was allowed to respond to the State's request to explain the details of his attempted rape charge. Appellants believe the evidence lacked relevance and that it should not have been allowed under *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210 as an attempt to impeach Chandler.

From the record it appears that at the time of Chandler's testimony he was charged with attempted rape but had not yet been convicted of the crime. We do not agree with appellants' contention that this was an attempt on the part of the State to impeach Chandler. It is common practice among trial lawyers, when faced with facts concerning their own witness which might reflect adversely if brought out on cross-examination, to deliberately bring out the evidence on direct examination upon the theory that it has less damaging impact coming from them than if brought out on cross-examination. It is difficult to conceive how this information could have reflected adversely upon the appellants. Its only possible effect was to reflect adversely upon the credibility of Chandler. We see no error in allowing such testimony.

Appellants believe their motion for mistrial should have been granted when Roger Gann was asked by the prosecutor whether there were any charges pending against him at the present time and he said, "Yes." After their motion was denied, their counsel withdrew the objection. Therefore, no issue has been preserved for our review. *McCraney v. State* (1981), Ind., 425 N.E.2d 151.

Further, appellants have not shown how they were prejudiced by the testimony. We find no reversible error.

█ Appellants argue that the trial court erroneously overruled their objection to a State's witness's testimony. The prosecution asked the police officer who investigated the break-in whether there was any similarity between the footprints at the Osgood Service Center and those found in the U–Haul truck. The witness answered that there was one footprint which did have a similar type of design. Appellants believe that the witness's conclusion invaded the province of the jury.

The record reflects that only photographs of the footprints on the truck were admitted into evidence. Therefore, the jury could not have compared the footprints in the truck with those in the service center. Also, previous to the officer's testimony Chandler had given a full account of how appellants broke into the service center and used the U–Haul to transport the stolen merchandise. Considering the amount of other incriminating evidence, the officer's comment about the footprints was not prejudicial. *Riley v. State* (1982), Ind., 441 N.E.2d 190.

Appellants believe that the imposition of separate sentences for Counts I and II violated double jeopardy principles. They assert that because only one agreement occurred to take merchandise from the service center, they received two punishments for one conspiracy.

█ Appellants are correct in their assertion. A single agreement to commit several unlawful acts cannot be punished by multiple convictions. When separate conspiracies are charged, the inquiry is whether there existed more than one agreement to perform some illegal act or acts. *Perkins v. State* (1985), Ind., 483 N.E.2d 1379.

█ Count I of appellants' information charged them with conspiracy to burglarize the Osgood Service Center. Count II charged them with conspiracy to commit theft by exerting unauthorized control over property of the Osgood Service Center on the same date alleged in Count I.

The facts indicate that appellants committed several criminal acts pursuant to a single conspiracy, and the imposition of separate sentences for Counts I and II constituted multiple punishment for a single offense. The conviction and sentence under Count II must be vacated.

We remand this cause for proper sentencing consistent with this opinion.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.