**Nannie Frances WILLIAMS, Appellant (Plaintiff),**

v.

**CITY OF INDIANAPOLIS, Appellee (Defendant).**

No. 49A02–8909–CV–469.[1]

Court of Appeals of Indiana, Second District.

March 20, 1991.

Earl C. Townsend, Jr., Townsend Yosha & Cline, Indianapolis, for appellant.

1. This case was reassigned to this office on January 2, 1991.

Margo Barber, Asst. Corp. Counsel, City–County Legal Div., Indianapolis, for appellee.

BUCHANAN, Judge.

Plaintiff-appellant Nannie Williams (Williams) appeals from a jury verdict in favor of defendant-appellee City of Indianapolis (City), claiming the trial court erred when it denied her challenge to the jury array and when it denied her motion to strike the jury panel.

We affirm.

### FACTS

The facts most favorable to the trial court's decision reveal that Williams was allegedly injured when she tripped and fell on the sidewalk in front of her home. She brought suit against the City, claiming the sidewalk was defective. A jury trial was held on March 21 and 22, 1989, and the jury returned a verdict in favor of the City.

At the beginning of the trial, when prospective jurors had been brought into the court room, Williams challenged the jury array on the grounds that only two members of the array were black and because the members of the array had viewed a video taped orientation program shown to prospective jurors in Marion County. The program consisted of information acquainting the prospective jurors with the legal process, with the duties and responsibilities of jurors, and with the burden of proof at trial. Williams asserted the program was defendant oriented and, therefore, prejudicial to plaintiffs.[2] The trial judge indicated he had no place to send the prospective jurors during any arguments on Williams' challenge, so he preliminarily denied the motion and indicated to Williams that he would hear arguments after the jury had been selected and removed. The trial judge informed Williams that if he granted the challenge a new panel would be selected.

After the jury had been selected, the trial court again denied Williams' challenge. Williams then moved to strike the panel, based solely on the jurors' exposure to the video taped orientation program. The trial court denied Williams' motion to strike the panel and proceeded to trial, resulting in the verdict against Williams.

### ISSUE

Williams raises one issue for our consideration:

Whether the trial court erred when it denied her

motion to strike and her jury challenge?

### DECISION

PARTIES' CONTENTIONS—Williams asserts that the jurors' exposure to the orientation program was *per se* prejudicial, alleging the program indoctrinated jurors in a manner advantageous to defendants, and she claims the trial court did not properly consider her challenge and motion to strike. The City responds that the orientation program has been upheld by our supreme court and that Williams presented no evidence to support her challenge.

CONCLUSION—The trial court properly denied Williams' challenge and motion to strike the array.

■ We initially observe that Williams has waived any claim of error concerning the orientation program because she failed to submit a complete record for our consideration. The failure to submit a copy of the orientation program precludes our review of the alleged error regarding its use. *Rondon v. State* (1989), Ind., 534 N.E.2d 719; *Stallings v. State* (1987), Ind., 508 N.E.2d 550; *Jackson v. State* (1986), Ind., 496 N.E.2d 32; *Adams v. State* (1989), Ind.App., 539 N.E.2d 985.

■ However, because the record indicates that the parties and the trial court agreed the orientation program in question was the same as that considered by our

---

**2.** The exact contents of the orientation program were not included in the record. Williams' challenge merely asserted the program indoctrinated jurors in a manner advantageous to de-

fendants, and claimed the program's closing remarks admonished jurors that they should be glad to serve because they might be defendants someday.

supreme court in *Jones v. State* (1985), Ind., 482 N.E.2d 243, we will nevertheless consider the question.

The Indiana Supreme Court has previously considered the use of this orientation program for prospective jurors, and conclusively decided the issue against Williams. In *Jones*, the court examined the same orientation program before us, and concluded that it was not *per se* prejudicial. It said:

> "This orientation program provided the prospective jurors with a general outline of the legal process; it also touched on general matters of law that concerned the burden of proof at trial, and the jury's duty to weigh the evidence. Slides of the judge and the court room were also shown. Any prejudice due to misstatements of the law or due to prospective juror misconceptions would have been cured by the heightened sense of responsibility and attention a prospective juror attains upon taking the oath of a juror, and by the trial court's preliminary and final instructions. In this situation, there was ample opportunity to identify and cure prejudicial error, and the possibility of the survival of prejudicial error was slight. Appellant does not identify any specific prejudice; instead, he asks us to declare the prospective juror process prejudicial *per se*. There is no compelling reason to adopt such a *per se* rule."

*Id.* at 245.

Somewhat surprisingly, Williams describes a portion of that language, that: "Any prejudice due to misstatements of the law or due to prospective juror misconceptions would have been cured by the heightened sense of responsibility and attention a prospective juror attains upon taking the oath of a juror, and by the trial court's preliminary and final instructions...." as *"absolutely ludicrous," appellant's brief* at 23 (emphasis in original), and even more surprisingly engages in this hyperbole: "In the entire history of English and American jurisprudence, there never has been a more unfounded statement!" *Appellant's brief* at 23.

We believe the supreme court's rationale in *Jones* is equally applicable to a civil setting. Many of our citizens have had little exposure to the actual functioning of our judicial system. Misconceptions do arise, and it is the duty of the trial court to accurately inform the jurors, and the litigants, of the rights, duties and responsibilities involving them in the trial of a particular case.

We agree with the statement in *Jones* that the heightened sense of responsibility and attention attained when a prospective juror is actually chosen and impanelled might well cure any prejudice arising from real or perceived misstatements of the law. Williams offers us no compelling reason why we should deviate from the decision in *Jones*. We do not trump the supreme court's ace.

In *Smedley v. State* (1990), Ind., 561 N.E.2d 776, the defendant argued that the trial court erred when it denied his motion to strike the jury panel on the grounds that a prospective juror had indicated someone in the jury room had said the defendant had killed a woman. The defendant argued that when the possibility of bias had been raised, the trial court should have dismissed the panel or allowed him to present further evidence. The supreme court rejected the defendant's arguments, observing that the defendant never requested the trial court to question the jurors to determine whether they had been prejudiced by the remarks. The court concluded the alleged comments were not so prejudicial as to merit reversal. *Id.*

Similarly, Williams did not seek to establish whether the orientation program had in fact prejudiced her, rather, she sought to challenge and strike the array based solely on the potential prejudicial impact of the program. Just as it was concluded in *Jones*, that the program was not sufficiently prejudicial to warrant reversal, we also conclude that the trial court did not err when it denied Williams' motion to strike and her challenge based on the orientation program.

■ Also, the trial court did not err when it denied Williams' challenge to the

racial composition of the array. Williams' challenge asserted that the array did not reflect the racial composition of the voters of Marion County and claimed the clerk's procedure of selecting only those voters with telephones eliminated over half of the black population. *Record* at 218.

The record, however, does not demonstrate that Williams' allegations were supported by any evidence. In considering challenges to the manner in which a jury array was selected, the United States Supreme Court, in *Frazier v. United States* (1948), 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187, concluded that allegations consisting exclusively of a counsel's unsworn and unsupported statements were insufficient to lay any foundation for a valid attack upon the method followed in selecting the panel. The Court observed that the burden was on the petitioning party to introduce, or to offer, evidence in support of the motion, and that the appellant had provided no proof or made an offer of proof.

More recently, in *Coleman v. McCormick* (9th Cir.1989), 874 F.2d 1280, the court considered an attack on the method of selecting available jurors which alleged that the process of telephoning potential jurors and asking if they would be available for trial resulted in a disproportionate number of affluent white jurors on the panel. The appellant claimed he was entitled to an evidentiary hearing on the issue. The court, citing *Frazier*, decided the unsworn and unsupported conclusory allegations did not provide a sufficient basis to obtain a hearing.

We cannot conclude the trial court's denial of Williams' challenge, based upon her counsel's unsworn and unsupported statements, was error. No proof was tendered and no offer to prove was made to the trial court. Williams instead moved to strike the panel based only on her claim the orientation program was prejudicial *per se. Record* at 237.

Williams claims that the trial court had not even read the challenge and that she was not given the opportunity to present evidence are unsupported. The trial court recited the contents of the challenge before its final denial, *record* at 236, and Williams made no effort to introduce any evidence. *Record* at 237. Thus Williams was given a sufficient opportunity to support her challenge, but she chose *not* to avail herself of that opportunity.

■ Williams is not entitled to a proportional representation of minority groups on a jury. *Burr v. State* (1980), 273 Ind. 280, 403 N.E.2d 343; *Piwowar v. Washington Lumber & Coal Co.* (1980), Ind.App., 405 N.E.2d 576. To constitute a sufficient basis for reversal, a trial court error must be such that it impinges upon and prejudices a substantial right such that a fair trial was not accorded. *FMC Corp. v. Brown* (1990), Ind., 551 N.E.2d 444. Here, there is no evidentiary basis for us to conclude the trial court's action prejudiced Williams' substantial rights and that she was not afforded a fair trial. *See also Lake v. State* (1971), 257 Ind. 264, 274 N.E.2d 249.

Judgment affirmed.

SHIELDS and CHEZEM, JJ., concur.