**Larry JACKSON, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–9110–CR–457.**

Court of Appeals of Indiana,
Second District.

March 25, 1992.

Kelly N. Bryan, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana and Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

## CASE SUMMARY

BUCHANAN, Judge.

Appellant-defendant Larry Jackson (Jackson) appeals his conviction for possession of cocaine,[1] a class D felony, claiming that the cocaine was illegally seized as a product of an illegal search and seizure, and that the evidence was not sufficient to support the conviction.

We affirm.

## FACTS

The facts most favorable to the judgment reveal that on December 31, 1991, off-duty police officer Henry Gudger (Gudger) of the Muncie police department was celebrating New Year's eve with his wife at the Rainbow Lounge (The Rainbow) in Muncie.

Shortly after midnight, Gudger heard gunshots coming from the rear of the club. Gudger took his wife to the parking lot where he escorted her to their car, and then returned to The Rainbow to find his niece. As he re-entered the building, he saw two men removing shotguns from the trunk of a maroon car, and also saw one of them approach a beige Buick and reach for the rear door handle.

When Gudger returned to the parking lot, he noticed that several police officers had arrived on the scene and Gudger told them of the two men and the shotguns. Although the maroon car was gone, the Buick was still in the lot. Gudger told the officers that one of the men may have entered that car.

The officers drew their guns and approached the Buick and noticed Jackson in the driver's seat. He refused to get out of the car after the officers ordered him to do so several times. Jackson merely lowered himself in the seat with his hands out of sight, and the police had to forcibly remove him from the automobile. Two female passengers—one seated in front and one in back—voluntarily got out of the car when ordered to do so.

The officers began a search of the vehicle and they discovered a handgun on the floor near the driver's seat. The police also found a small canister near the driver's side which contained fifteen individually-wrapped white rocks which were later identified to be crack cocaine.

Jackson was arrested and following a bench trial on May 28, 1991, he was convicted.

## ISSUES

Jackson presents the following issues for our review:

1. Was the cocaine admitted as a product of an illegal search of the Buick?

2. Was the evidence sufficient to support the conviction?

## DECISION

ISSUE ONE—Was the cocaine admitted as a product of an illegal search of the Buick?

PARTIES' CONTENTIONS—Jackson contends that the warrantless search of the closed container found in the automobile Jackson was driving violated the Fourth Amendment to the U.S. Constitution.

The State responds that admitting the cocaine into evidence was harmless error.

---

1. Ind.Code 35–48–4–6.

CONCLUSION—The cocaine was properly admitted into evidence.

▮ Time and again our supreme court has determined that a warrantless search of an automobile may be conducted during the course of an arrest under the exception which permits a search of the immediate area that is within the arrestee's control. *Rabadi v. State* (1989), Ind., 541 N.E.2d 271; *Fyock v. State* (1982), Ind., 436 N.E.2d 1089; *Murrell v. State* (1981), Ind., 421 N.E.2d 638. When the occupants of an automobile are arrested, the police may search the driver and passengers, and they may conduct a warrantless search of any container found in the passenger compartment. *See Lindley v. State* (1981), Ind., 426 N.E.2d 398; *Romack v. State* (1983), Ind.App., 446 N.E.2d 1346; *California v. Acevedo* (1991), — U.S. —, 111 S.Ct. 1982, 114 L.Ed.2d 619; *New York v. Belton* (1981), 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768.

▮ A police officer's failure to formally arrest or to give a defendant notice of arrest prior to a search will not invalidate a search incident to an arrest as long as there is probable cause to make an arrest. *Jones v. State* (1984), Ind.App., 467 N.E.2d 1236; *Easley v. State* (1975), 166 Ind.App., 316, 335 N.E.2d 838, *trans. denied.*

▮ At trial, Gudger testified that he saw two men removing shotguns from the trunk of a car. *Record* at 88. He then observed one of the men approach Jackson's Buick and reach for the rear door handle. *Record* at 90, 95. Gudger reported these events to the officers who arrived on the scene, and as they approached Jackson, he sank into the seat and refused to get out of the vehicle when ordered to do so. The officers pulled Jackson from the car and as they were doing so, one of the policemen seized a handgun which was "to the right of the driver, down on the floor." *Record* at 101.

A police officer may stop an individual or an automobile when "the facts known to the officer at the time of the stop are such as to warrant a belief in a man of reasonable caution that investigation is appropri-

ate." *Walker v. State* (1988), Ind., 527 N.E.2d 706 at 708, *cert. denied* 493 U.S. 856, 110 S.Ct. 161, 107 L.Ed.2d 118. *See also Broadus v. State* (1986), Ind., 487 N.E.2d 1298; *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The officers certainly had the right to approach Jackson and inspect his vehicle for their safety inasmuch as Gudger's testimony demonstrated that the automobile may have contained illegal weapons. *See Gann v. State* (1988), Ind., 521 N.E.2d 330 (warrantless search of car during investigatory stop was justified when officer testified that before he stopped the car he knew defendant was a convicted felon, had been advised that he might have a weapon, and the officer explained that it was necessary to search the interior of the automobile for his personal safety); *Walker, supra* (reasonable suspicion of nearby burglary justified stop of defendant's vehicle and search of a latched metal box attached to underpart of vehicle, leading to discovery of pistol, was authorized); *see also U.S. v. Ross* (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (auto trunk opened where a closed brown paper sack containing white powder [heroin] was discovered).

▮ The evidence demonstrates that the officer acted properly in approaching Jackson's vehicle and conducting a protective search of its interior for weapons. *See Gann, supra; Walker, supra.* When Jackson was pulled from the car and the handgun was discovered on the floor of the vehicle, the evidence demonstrates that the police properly detained Jackson, and they had probable cause to arrest him for a criminal offense. *See Phillips v. State* (1986), Ind., 492 N.E.2d 10 (arrest occurs when police officers interrupt the freedom of an accused and restrict his liberty of movement), *overruled on other grounds; Armstrong v. State* (1982), Ind., 429 N.E.2d 647; Ind.Code 35-33-1-5. The officers were therefore justified in seizing the container and searching it. *See Lindley, supra; Romack, supra.*

ISSUE TWO—Was the evidence sufficient to support the conviction?

PARTIES' CONTENTIONS—Jackson maintains that the State did not offer sufficient evidence to show that he possessed the cocaine. The State responds that the evidence was sufficient to demonstrate that Jackson was in constructive possession of the cocaine.

CONCLUSION—The evidence was sufficient to support the conviction despite Jackson's argument that the State failed to prove he "possessed" the cocaine.

■ Our supreme court has determined that the theory of constructive possession may support a conviction for a drug offense when actual possession is absent. *Young v. State* (1985), Ind., 478 N.E.2d 50; *Thomas v. State* (1973), 260 Ind. 1, 291 N.E.2d 557. A defendant is in constructive possession of drugs when the State shows that the defendant has the intent and capability to maintain dominion and control over the contraband. *Bergfeld v. State* (1988), Ind., 531 N.E.2d 486; *Fassoth v. State* (1988), Ind., 525 N.E.2d 318.

■ At trial, Gudger testified that Jackson was seated on the driver's side of the vehicle and the canister containing the cocaine was seized "from between the front seat and the drivers door." *Record* at 101. The officers noticed that Jackson refused to raise his hands when ordered to do so, and he kept them out of sight. *Record* at 91, 99–100.

In *Young v. State* (1991), Ind.App., 564 N.E.2d 968, this court determined that constructive possession of items found in an automobile may be imputed to the driver of a vehicle. *See also Corrao v. State* (1972), 154 Ind.App. 525, 290 N.E.2d 484. In *Young*, a conviction for cocaine possession was upheld on the theory of constructive possession when the evidence demonstrated that the defendant, who was driving the vehicle, had control over a spray can containing cocaine which was found "on the back floorboard of the car," even though a passenger was riding in the front seat.

As in *Young*, the record reflects that there was sufficient evidence to support a reasonable inference that Jackson possessed the cocaine seized from the automobile.

Judgment affirmed.

■

CHEZEM, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

The State does not argue that the seizure of the small container and its search were valid. Rather, it contends that the admission of the evidence thus derived was harmless error. In my view, the majority's validation of the seizure and search is inappropriate.

At the time Jackson was taken into custody, the officers had discovered a handgun in the car but had absolutely no articulable cause, reasonable or otherwise, to suspect that drugs were contained on Jackson's person, or within the car, or within a container within the car. To be sure, they had every reasonable cause for their own safety and protection to carry out a thorough search for additional weapons, but it cannot be reasonably argued that the small green bubble gum container could contain a weapon.

In this regard, it should be noted that neither *Lindley v. State* (1981) Ind., 426 N.E.2d 398, nor *Romack v. State* (1983) 4th Dist.Ind.App., 446 N.E.2d 1346, relied upon by the majority, indicate that search of a container was involved.

More importantly, however, even the most recent case emanating from the United States Supreme Court, *California v. Acevedo* (1991) 500 U.S. 114, 111 S.Ct. 1982, 114 L.Ed.2d 619, discloses that the seizure and search here would not pass constitutional muster. The majority opinion clearly retains in place the principle that before a container search may be had, there must be probable cause to believe that it contains contraband:

"The interpretation of the *Carroll* doctrine set forth in *Ross* now applies to all searches of containers found in an automobile. In other words, the police may search without a warrant if their search is supported by probable cause. The Court in *Ross* put it this way:

'The scope of a warrantless search of an automobile . . . is not defined by the

nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.' 456 U.S., at 824, 102 S.Ct., at 2172. It went on to note: 'Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab.' *Ibid.* We reaffirm that principle. In the case before us, the police had probable cause to believe that the paper bag in the automobile's trunk contained marijuana. That probable cause now allows a warrantless search of the paper bag. The facts in the record reveal that the police did not have probable cause to believe that contraband was hidden in any other part of the automobile and a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment." 111 S.Ct. at 1991.

Justice Scalia's concurring opinion in *Acevedo* emphasizes the continuing and present status of the law:

"I would reverse the judgment in the present case, not because a closed container carried inside a car becomes subject to the 'automobile' exception to the general warrant requirement, but because the search of a closed container, outside a privately owned building, *with probable cause to believe that the container contains contraband, and when it in fact does contain contraband,* is not one of those searches whose Fourth Amendment reasonableness depends upon a warrant." (Emphasis supplied.) 111 S.Ct. at 1994.

The record before us is totally devoid of any evidence which would provide probable cause to believe that the small green container contained either contraband or a weapon. I would reverse the conviction based upon the evidence obtained as a result of the search of the container.