Donovan HARVEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–9303–CR–131 [1].

Court of Appeals of Indiana,
First District.

Sept. 29, 1993.

1. This case was diverted to this office on August 13, 1993 by order of the Chief Judge.

Geoffrey A. Rivers, Muncie, for appellant-defendant.

Pamela Carter, Atty. Gen. of Indiana and Suzann Weber Lupton, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Today, we consider what factors must exist to require the striking of an all white jury venire when the defendant is black. Appellant-defendant Donovan Harvey appeals the trial court's refusal to empanel a new jury venire and its exclusion of alibi evidence. He seeks a new trial on his conviction for Dealing in Cocaine, a Class B felony.[2] We affirm.

### FACTS

On April 8, 1992, Muncie Police Officer Mark Craig participating in an undercover drug operation bought rock cocaine from Harvey. The police secretly observed and recorded the transaction. Two of the police officers involved in the undercover operation personally recognized Harvey. On May 19, 1992, Harvey was charged with dealing in cocaine. The court scheduled a jury trial for November 23, 1992. Harvey did not file a notice of alibi until October 30, 1992, more than three months after the July 25, 1992 omnibus date. Harvey's rejected alibi notice alleged he was in Danville, Illinois on the day of the drug sale.

2. IND.CODE 35–48–4–1.

The trial court struck the late alibi notice and granted the State's motion in limine prohibiting any reference to Harvey's alibi defense during the trial.

During voir dire, Harvey, a black male, requested the trial court strike the all white jury venire. He argued the venire was not representative of the Delaware County population. The trial court denied the motion. At trial, the State played the audio tape recording of the cocaine sale. The police officers identified Harvey as the seller. Defense witnesses testified that the voice on the tape was not Harvey's voice. A defense eyewitness also testified she did not see Harvey at the scene of the crime on April 8, 1992. The jury ultimately found Harvey guilty of dealing in cocaine.

### DISCUSSION AND DECISION

#### I. Jury Venire

■ Harvey first challenges the trial court's denial of his motion to strike the all white jury venire. He contends the absence of any black persons in the venire required the striking of the panel because it did not represent the black population in Delaware County. Harvey cites *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, and *Minniefield v. State* (1989), Ind., 539 N.E.2d 464, for the basic principle that a black defendant is denied equal protection of the laws when members of his race have been purposefully excluded from the jury. *Batson, supra,* 476 U.S. at 85, 106 S.Ct. at 1716, 90 L.Ed.2d at 80. The *Batson* court noted that in any equal protection case, the defendant alleging discriminatory selection of the venire carries the burden of proving the existence of purposeful discrimination. *Id.* at 93, 106 S.Ct. at 1721, 90 L.Ed.2d at 85.

Harvey essentially challenges the method of generating jury pools from voter registration lists claiming jury pools do not accurately reflect the composition of the community. IND.CODE 33-4-5-2 orders jury commissioners to use voter registration lists and tax schedules to select prospective jurors.[3] I.C. 33-4-5-2(c) permits the utilization of a computerized jury selection system.[4] Indiana has approved the use of voter registration lists for selection of prospective jurors. *Burgans v. State* (1986), Ind., 500 N.E.2d 183, 185; *Lloyd v. State* (1983), Ind., 448 N.E.2d 1062, 1069. This method of procuring potential jurors is constitutional so long as the voter registration lists represent a reasonable cross-section of the people in the county and there is no showing of a deliberate attempt to exclude certain groups from jury selection. *See id.*

■ Our supreme court recently considered an assertion of a "fair-cross section" violation in *Concepcion v. State* (1991), Ind., 567 N.E.2d 784. The *Concepcion* court applied the standard announced in *Duren v. Missouri* (1979) 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 587, for a defendant to establish a prima facie violation of the fair cross-section requirement. *Concepcion, supra,* at 788. Under the *Duren* standard, the defendant must show: "1) that the group alleged to be excluded is a 'distinctive group' in the community; 2) that the representation of this group in jury venires is not fair and reasonable in relation to the number of such persons in the community; and 3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Id.* at 364, 99 S.Ct. at 668, 58 L.Ed.2d at 587.

■ Although Harvey satisfies the first prong of the *Duren* test, he fails to

**3.** Although I.C. 33-4-5-2 governs circuit court juries, IND.CODE 33-5-12.1-12 provides that Delaware Superior Court juries shall be selected in the same manner as Delaware circuit court juries.

**4.** A more expansive means of jury selection became available in 1989. The legislature added supplemental sources to compile jury lists. I.C. 33-4-5-2(d). Such supplemental sources include lists of utility customers, persons filing income tax returns, motor vehicle registrations, city directories, telephone directories, and driver's licenses. I.C. 33-4-5-2(e).

satisfy the remainder. The record shows that a computer randomly selected the prospective jurors from the county's registered voters. Harvey baldly asserts that seven to ten per cent of Delaware County's registered voters are black. Unsworn and unsupported statements do not lay any foundation for a valid attack upon the method followed in selecting the panel. *Williams v. City of Indianapolis* (1991), Ind.App., 567 N.E.2d 1197, 1200, *trans. denied.* Harvey has the burden of introducing or offering evidence supporting his motion to strike the panel. *See id.* His unsubstantiated estimates of the black registered voters in Delaware County are insufficient to satisfy the second prong of *Duren.*

■ Additionally, the mere absence of blacks from the venire does not establish a violation of constitutional rights. *Bond v. State* (1989), Ind., 533 N.E.2d 589, 591; *see Weekly v. State* (1986), Ind., 496 N.E.2d 29. Harvey must demonstrate the county's jury selection process engages in a purposeful and systematic exclusion of blacks, the third prong of *Duren. See Weekly, supra,* at 31. The record is void of any indication of a purposeful exclusion of blacks from the jury selection process. The right to an impartial jury does not require that any particular class be represented. *Adams v. State* (1982), Ind., 431 N.E.2d 820, 822 (quotation omitted); *Williams, supra,* at 1200 (no right to proportional representation of minority groups on a jury).

Harvey has not satisfied his burden of showing a fair cross-section violation in selection of the jury venire. We find the trial court properly refused to strike the jury venire.

## II. Alibi Defense

Harvey next challenges the trial court's refusal to allow any alibi evidence because his alibi notice was not filed timely. He specifically argues the trial court erred by 1) striking his alibi notice, 2) granting the State's motion in limine precluding defense witness testimony about the alibi defense, and 3) refusing to allow Harvey to assert his alibi defense at trial.

### a. Striking of Alibi Notice

■ IND.CODE 35–36–4–1 requires a defendant to inform the trial court in writing of his intention to offer an alibi defense to a felony charge no later than twenty days prior to the omnibus date. If the defendant does not show good cause for his failure to comply with I.C. 35–36–4–1, the court must exclude the alibi evidence. I.C. 35–36–4–3(b); *see Manning v. State* (1990), Ind.App., 557 N.E.2d 1335, 1337, *trans. denied* (1991). The trial court has discretion in determining "good cause." *Id.*

Harvey admits his alibi notice was late, but argues he presented good cause for his noncompliance. He contends the State's failure to respond to his discovery requests delayed his discovery of his alibi defense. The State answered discovery and produced the tape recording of the drug buy on October 20, 1992, approximately three months after the omnibus date. Upon listening to the tape, Harvey claimed his voice was not on it. He then attempted to show that he and his family were visiting relatives in Danville, Illinois on April 8, 1992.

The May 19, 1992 information specifically charged that Harvey sold cocaine to a police officer "on or about the 8th day of April 1992." *Record* at 8. Harvey was aware since May 19, 1992 that April 8, 1992 was the critical date. Harvey fails to explain why he did not check his whereabouts on that date upon reading the information. His lack of diligence in pursuing an alibi defense until after receipt of the tape recording was not reasonable, and he cannot successfully place the blame upon the State. The trial court did not abuse its discretion in determining Harvey failed to show good cause under I.C. 35–36–4–3(b). We conclude the trial court did not err in striking the alibi notice.

### b. *Alibi Testimony*

■ Harvey additionally argues the trial court erred in granting the State's motion in limine which precluded Harvey or any witness from referring to his alibi defense. We remind Harvey that a challenge to a ruling on a motion in limine presents no reviewable error on appeal. *See Tyson v. State* (1992), 619 N.E.2d 276, 289 (citing *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102). To preserve an issue regarding the court's exclusion of evidence, a defendant must make an offer of proof at trial. *Id.*

■ After the State rested but before Harvey presented his case, he requested the trial court reconsider its grant of the State's motion in limine and allow his alibi evidence. When the court declined, Harvey failed to make an offer of proof showing what the excluded evidence would have been. Without specific evidence shown in an offer of proof, we cannot rationally assess the trial court's exclusion or whether such exclusion was prejudicial to Harvey. He has waived the issue. *See Tyson, supra,* at 25.

Judgment affirmed.

ROBERTSON and NAJAM, JJ., concur.