**Larry GANN, Petitioner–Appellant,**

v.

**STATE of Indiana,
Respondent–Appellee.**

No. 69A01–9008–PC–327.

Court of Appeals of Indiana,
First District.

May 9, 1991.

business in the parking lot is one properly left to the trier of fact.

**977**

Frank E. Spencer, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of

Atty. Gen., Indianapolis, for respondent-appellee.

BAKER, Judge.

Petitioner-appellant Larry Gann appeals the denial of his petition for post-conviction relief. The sole issue presented for our review is whether Gann received ineffective assistance of trial and appellate counsel. We find he did not, and therefore affirm the judgment of the post-conviction court.

## DISCUSSION AND DECISION

In 1984, Gann was convicted of conspiracy to commit burglary, conspiracy to commit theft, and being an habitual offender. He was sentenced to concurrent sentences of eight and four years, and given a thirty-year enhancement on one of those terms to reflect the habitual offender determination. His conviction and sentence for conspiracy to commit theft were vacated on direct appeal. *Gann v. State* (1988), Ind., 521 N.E.2d 330. He filed his petition for post-conviction relief in 1988, and the petition was denied after an evidentiary hearing.

In a proceeding for post-conviction relief, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1 § 5. "To prevail on appeal from a denial of his petition, the appellant must satisfy us that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Sims v. State* (1989), Ind.App., 547 N.E.2d 895, 896, *trans. denied.* Gann has not met his burden.

Gann argues he received ineffective assistance of counsel both at trial and on his direct appeal. The sole basis he asserts for appellate counsel's ineffectiveness is that appellate counsel failed to raise the issue of trial counsel's ineffectiveness. Thus, to determine whether appellate counsel was ineffective, we must evaluate trial counsel's performance.

The standard for determining the effectiveness of counsel is the same for

both trial and appellate counsel. *Kirby v. State* (1990), Ind.App., 550 N.E.2d 1343, *trans. denied.* Ineffective assistance of counsel is reviewed under the two-step test articulated by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Gann must prove by a preponderance of the evidence that counsel's performance was deficient and that his defense was prejudiced by the deficient performance. *Sims, supra.* He must show there is a reasonable probability the result of the proceeding would have been different but for counsel's unprofessional error. *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448. We presume counsel was competent and require convincing evidence to rebut this presumption. *Id.* Reviewing courts do not speculate about what may have been the most advantageous strategy, and isolated bad tactics or inexperience do not necessarily amount to ineffective assistance of counsel. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied,* — U.S. —, 110 S.Ct. 268, 107 L.Ed.2d 218. In this case, the post-conviction court found trial counsel did not render ineffective assistance.

■ Gann argues trial counsel was ineffective in the habitual offender phase of the trial because he stipulated to Gann's prior convictions. He also contends this was the functional equivalent of a guilty plea to the habitual offender charge, and the trial court was thus required to question Gann to determine whether he knowingly and voluntarily agreed to the stipulation. Gann does not challenge the validity of the evidence of the felony convictions underlying his habitual offender determination or the habitual offender determination itself.

At trial, the parties stipulated that the State had true and accurate copies of the prior judgments of conviction, that these convictions were felonies, that the sentences imposed were reflected by the documents, and that the fingerprints provided were in fact Gann's fingerprints. Subsequently, the State and Gann presented final arguments, and the cause was submitted to a jury. At the post-conviction hearing, Gann testified the jury deliberated for approximately one hour before making its habitual offender determination.

■ Stipulations of fact are commonly used in Indiana, and are looked upon with favor as a means of simplifying and expediting litigation. *Kelly v. State* (1988), Ind. App., 527 N.E.2d 1148, *aff'd*, (1989), Ind., 539 N.E.2d 25. The use of a stipulation does not prevent the parties from arguing what the facts are and what inferences the facts support. *Id.* In *Kelly,* as here, the court was evaluating an ineffective assistance of counsel claim. Counsel was alleged to be ineffective because he stipulated to the testimony of witnesses concerning the facts of the case. The court found counsel's stipulation was not ineffective and stated:

> The trial court also could have reasonably concluded use of the Stipulation was a particularly effective trial strategy. Its use precluded introduction of testimony detrimental to Kelly and also minimized the impact of the testimony that was received by having it recited on paper as opposed to recounted by the declarants in open court.

*Kelly, supra,* at 1153. The case at hand is similar. Trial counsel stipulated as to what the witnesses would testify if called: Gann had two prior felony convictions; his sentences of one year and two years were reflected on the conviction documents; and, the fingerprints provided were in fact Gann's fingerprints. This stipulation did not prevent trial counsel from arguing the facts or the inferences supported by these facts. It may well have been counsel's strategic bid for leniency for his client to minimize the impact of the testimony by foregoing a parade of witnesses who could recount Gann's prior contacts with the criminal court system.

■ Gann also argues his counsel should have discussed the stipulation with him prior to offering it to the court, and that his failure to do so constituted ineffective assistance of counsel. There was testimony at the post-conviction relief hearing that Gann wanted to enter into the stipula-

tion, and Gann testified otherwise. Gann did not call his trial counsel to testify concerning the circumstances of the stipulation. When trial counsel is not called as a witness to testify in support of a petitioner's arguments, the post-conviction court may infer that trial counsel would not have corroborated the petitioner's allegations. *Dickson v. State* (1989), Ind., 533 N.E.2d 586. Gann is requesting that we reweigh the evidence, and this we are not permitted to do.

■ Gann argues this stipulation is the equivalent of a guilty plea, but cites no Indiana cases to support his contention. He cites a United States Supreme Court case which he contends supports this proposition. It does not. *United States v. Cronic* (1984), 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657, had nothing to do with an habitual offender proceeding as Gann asserts, and he misstates the holding of the case. In *Cronic,* the defendant was indicted on mail fraud charges. When his retained counsel withdrew shortly before the scheduled trial date, the district court appointed a young lawyer to represent Cronic. This lawyer had never participated in a jury trial, and was given only 25 days to prepare for trial even though the prosecution had been investigating and preparing the case for four and one half years. The Supreme Court held these facts did not make it unlikely that the defendant could have received effective assistance of counsel, and that Cronic could make out a claim of ineffective assistance of counsel only by pointing to specific errors of trial counsel.[1] *Id.*

The State cites cases from other jurisdictions holding that when a stipulated facts trial is the equivalent of a guilty plea, the defendant must be advised of his constitutional rights. The State asserts, and we agree, that the stipulation in the case at hand was not the functional equivalent of a guilty plea.

Indiana courts have stated a stipulation of evidence does not amount to a guilty plea. *Kelly, supra.* In this case, trial counsel did not stipulate that Gann was an habitual offender or that the evidence stipulated was sufficient to determine Gann was an habitual offender, but rather stipulated as to the evidence underlying the status. The State had witnesses in court, and was prepared to introduce the exhibits. Trial counsel presented a closing argument, and the evidence was submitted to the jury for its consideration. The jury deliberated for an hour to an hour and a half before reaching its decision. The stipulation in this case was not the equivalent of a guilty plea, trial counsel was not ineffective for failing to ensure Gann was advised of his constitutional rights, and Gann was not deprived of due process. *See e.g. State v. Steelman* (1980), 126 Ariz. 19, 612 P.2d 475, *cert. denied, Steelman v. Arizona* (1980), 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (stating the stipulated bench trial, in which defendant submitted his case to the court for trial on the grand jury transcript, was not the equivalent of a guilty plea because there was no agreement as to defendant being guilty of any charge or as to the appropriate sentence, and the submission remained an adversary proceeding in which counsel argued in his client's defense); *People v. Smith* (1974), 59 Ill.2d 236, 319 N.E.2d 760 (counsel's action was tantamount to a guilty plea when defense counsel stipulated as to the facts underlying the offense and stipulated that the facts as presented were sufficient to find defendant guilty of the charged crime beyond a reasonable doubt).

■ Gann has not demonstrated trial counsel's performance was deficient. Even if it were deficient performance for trial counsel to enter into the stipulation, Gann has not alleged the result would have been different but for the error. He does not contend there were problems with any of the documents to which trial counsel stipu-

---

**1.** Gann also cites *Cox v. Hutto* (8th Cir.1979), 589 F.2d 394. The court in *Cox* stated that the stipulation of prior convictions in an habitual offender proceeding amounted to the functional equivalent of a guilty plea, and the trial court was required to determine whether the defendant knowingly and voluntarily agreed to the stipulation. We are not bound to follow this decision, however, and we decline to do so.

lated, and indeed does not contend he was erroneously adjudged to be an habitual offender.

■ Gann also alleges his trial counsel was ineffective because he was later disbarred from the practice of law. *See In re Stanton* (1986), Ind., 492 N.E.2d 1056. Gann has not established his trial counsel's performance was impaired because of the disciplinary proceedings. The disbarment proceedings had nothing to do with Gann's representation; there is no connection between the two proceedings. Subsequent disbarment on grounds unrelated to the case at hand does not alone prove deficient performance of trial counsel. Gann has not demonstrated the first prong of the test for ineffectiveness of counsel because he has failed to demonstrate deficient performance. He has not persuaded us that the evidence concerning trial counsel's ineffectiveness leads unerringly to a conclusion opposite that reached by the post-conviction court, and we uphold the court's decision that trial counsel was not ineffective.

It follows that if trial counsel was not ineffective, appellate counsel was not ineffective for failing to raise the issue of trial counsel's ineffectiveness.

Judgment affirmed.

ROBERTSON and GARRARD, JJ., concur.