Richard K. CORBIN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A05–9811–CR–555.

Court of Appeals of Indiana.

July 12, 1999.

Transfer Denied Aug. 13, 1999.

John Pinnow, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Richard K. Corbin ("Corbin") appeals his conviction, after a trial before the bench upon stipulated evidence, of Burglary, a class A felony.[1] We affirm.

---

1. IND.CODE § 35–43–2–1 (resulting in serious bodily injury).

## Issue

The sole issue raised on appeal is whether the agreement between Corbin and the State whereby Corbin would be tried before the bench upon stipulated evidence transformed the proceeding into an impermissible nolo contendere plea hearing.

## Facts

The evidence in the light most favorable to the judgment reveals that Corbin forced his way into the victim's apartment, struck her repeatedly, ripped her pajama bottoms off, raped her, and strangled her until she became unconscious. (R. 341–42, 361–64, 366–67, 465–66). The victim's roommate and her boyfriend arrived home while Corbin, naked, was still there. (R. 342, 389, 393–94, 424–27). Corbin grabbed his clothes and fled the scene but was apprehended shortly afterward. (R. 343, 446–47, 463–64). When apprehended, Corbin had some blood on him and was carrying one shoe. (R. 463). The shoe that Corbin was carrying matched one found in the apartment. (R. 344, 529). The keys to Corbin's sister's car were also found in the apartment. (R. 345, 532). Corbin's fingerprints and DNA (from blood) was found in the apartment. (R. 343–45, 524–26). The victim, her roommate, and her boyfriend all positively identified Corbin as the perpetrator. (R. 344, 371, 375).

Corbin was charged with Burglary as a class A felony, and Rape as a class B felony. (R. 23–24). Corbin pleaded not guilty. (R. 4).

Trial by jury began on August 3, 1998. (R. 14). After the jury panel was selected, Corbin, by counsel, objected to the racial composition of the venire. (R. 334–35). His motion was denied. (R. 335). Court recessed for fifteen minutes in order to permit Corbin and defense counsel to consult. (R. 335).

Corbin and the State then entered into an agreement which was memorialized in the record. (R. 169). The agreement provided that the trial would proceed before the bench and the evidence would be submitted by stipulation. (R. 169). The agreement provided further that, if Corbin was found guilty on the Burglary charge, the State would dismiss the Rape charge. (R. 169).

The trial court advised Corbin of the rights that he would be waiving by proceeding in this manner. (R. 336–37, 535–37). Corbin represented that he understood these rights and expressly waived them. (R. 337, 535–37).

The State presented its case through depositions, photographs, and reports. (R. 341–534). Corbin's counsel stipulated that, had the witnesses taken the stand, they would have testified consistently with the evidence presented and as summarized by the prosecutor. (R. 534). The trial court sustained Corbin's objections to the admission of certain exhibits. (R. 534).

The trial court found Corbin guilty of Burglary and granted the State's motion to dismiss the Rape charge. (R. 537–38). Corbin was sentenced to fifty years imprisonment. (R. 570). This appeal ensued.

## Discussion and Decision

### A. Nolo Contendere Plea

A "nolo contendere" plea to a criminal charge is similar to a guilty plea because a fine or sentence may be imposed. BLACK'S LAW DICTIONARY 945 (5th ed.1979). However, a nolo contendere plea differs from a guilty plea in that the defendant does not admit or deny the charges. *Id.*

In Indiana, the only pleas which are permitted are a) not guilty, b) guilty, or c) guilty but mentally ill. IND.CODE § 35–35–2–1(a)(3). Nolo contendere pleas are not permitted in Indiana. *See Mahoney v. State,* 197 Ind. 335, 149 N.E. 444, 447 (1925). It is well settled that an Indiana guilty plea requires an admission of the crime charged. *Ross v. State,* 456 N.E.2d 420, 422 (Ind.1983). Therefore, it is reversible error for the trial court to accept a guilty plea when the defendant maintains his innocence. *Id.* at 423.

### B. Corbin's Contention

Corbin points out that he did not present a defense and that a conviction was almost a certainty under the stipulated evidence. Corbin points out further that he never admitted his guilt during these proceedings. Accordingly, Corbin reasons that his conviction must be reversed because the procedure

outlined above was, in effect, an impermissible nolo contendere plea hearing. We disagree.

### C. Propriety of Trial on Stipulated Evidence

■■■ Stipulations are looked upon with favor as a means of simplifying and expediting litigation. *Gann v. State*, 570 N.E.2d 976, 978 (Ind.Ct.App.1991), *trans. denied; Kelly v. State*, 527 N.E.2d 1148, 1153 (Ind.Ct. App.1988), *summarily affirmed*, 539 N.E.2d 25, 26.[2] A stipulation that a particular witness would, if called, testify in a particular way neither constitutes an admission that such testimony is true, nor forecloses impeachment by the defendant. *Id.* Stipulated evidence is entitled only to be accorded the same weight by the trier of fact as if given by the witnesses themselves in open court. *Id.* The use of stipulated evidence does not prevent the parties from arguing what the facts are and what inferences those facts reasonably support. *Id.*

■■■ Accordingly, there is nothing improper with stipulating to expected testimony. *Kelly*, 527 N.E.2d at 1152. Moreover, the stipulation to certain facts in no way transforms a trial into a guilty plea hearing. *Whatley v. State*, 685 N.E.2d 48, 49 (Ind. 1997); *Gann*, 570 N.E.2d at 979; *Kelly*, 527 N.E.2d at 1153.

### D. Analysis

■■■ Corbin's contention that the agreement to be tried before the bench on stipulated evidence transformed the proceeding into a nolo contendere plea hearing is undermined by the fact that he objected to the introduction of certain exhibits submitted by the State. It is of no moment that a conviction may have been almost a certainty under the stipulated evidence because, as the case against Corbin was truly overwhelming, a conviction would have been almost a certainty had the evidence been presented through the witnesses. Obviously, the agreement benefitted Corbin by effecting the dismissal of the Rape charge. Additionally, considering the heinous nature of the allegations against Corbin, the agreement to proceed on stipulated evidence in all likelihood benefitted him by minimizing the inflammatory impact that the live testimony of a parade of witnesses would have had. *See Gann*, 570 N.E.2d at 978.

As noted above, there is nothing improper about proceeding to trial on stipulated evidence and doing so in no way transforms a trial into a guilty plea or a nolo contendere plea hearing. Therefore, we find no error.

Affirmed.

FRIEDLANDER, J. concurs.

STATON, J. concurs in result with separate opinion.

STATON, Judge, concurring in result,

I concur in result. However, I write separately because I disapprove of the procedure utilized to gain Corbin's conviction. Under the agreement entered into between the State and Corbin, Corbin agreed both to stipulate to the State's evidence and not to "fight" the State's case.[3] This agreement assured Corbin's conviction for Burglary as

---

**2.** The *Kelly* and *Gann* courts rejected the defendants' claim of the ineffective assistance of counsel noting that the evidentiary stipulations may have been an appropriate trial strategy which minimized the impact of a parade of witnesses. 527 N.E.2d at 1153, 570 N.E.2d at 978. In his brief, Corbin expressly states that he does not claim the ineffective assistance of counsel. (Appellant's brief at 13).

**3.** The State contends that Corbin *chose* not to challenge the stipulated evidence, thereby implying that Corbin made a tactical decision not to defend himself either by arguing the State's evidence did not support the a burglary conviction or by testifying himself. The record reveals, however, that Corbin formally waived his right to testify at trial. Such a waiver would have been unnecessary had Corbin simply elected not to testify as a tactical decision. The fact that a waiver hearing was necessary implies that Corbin *agreed* not to testify. Furthermore, the following exchange took place between defense counsel and Corbin. Defense counsel asked Corbin: " ... you understand that, that under the agreement we have with the dismissal of [the Rape charge] and the selection of another judge, uh, we've agreed not to fight against the State's case? Do you understand that?" Corbin responded, "Yes." Record at 537. Although given the opportunity to cross-examine Corbin, the State did not challenge this characterization of the agreement.

the stipulated evidence overwhelmingly pointed to Corbin's guilt. By agreeing not to challenge the State's case in any way, Corbin acquiesced in his conviction.[4] I believe that this type of proceeding poses at least two dangers.

First, this procedure could be used to skirt our supreme court's pronouncement that defendants may not both plead guilty and maintain their innocence at the same time. *True-blood v. State*, 587 N.E.2d 105, 107 (Ind. 1992), *reh. denied, cert. denied,* 506 U.S. 897, 113 S.Ct. 278, 121 L.Ed.2d 205 (1992); *Ross v. State,* 456 N.E.2d 420, 423 (Ind.1983). In this case, Corbin essentially pleaded guilty, but he did so without having to enter a formal plea of guilty or admit his guilt. Our supreme court has stated that "[a]n Indiana defendant must admit the offense to which he is pleading guilty." *Davis v. State,* 675 N.E.2d 1097, 1101 (Ind.1996). The record in this case does not reveal that Corbin ever proclaimed his innocence, or even that he was unwilling to admit his guilt. Thus, Corbin is not entitled to reversal on this ground. Nevertheless, I can envision circumstances where criminal defendants might enter into agreements with the State, similar to the one entered into by Corbin, in an effort to avoid the requirement that they not plead guilty and proclaim their innocence at the same time. In order to avoid this possibility, the State should never enter into agreements with criminal defendants where the defendant agrees both to stipulate to the State's entire case and to refrain from making any sort of defense or argument.

Second, I question whether the extensive use of stipulations in criminal trials can result in consistently fair outcomes, particularly where the defendant also agrees not to make a defense. The majority cites the proposition that "[s]tipulations are looked upon with favor as a means of simplifying and expediting litigation." Maj. Op. at 908. This is certainly true in the context of civil litigation.[5] In criminal litigation, however, the goal of simplifying and expediting litigation must give way to ensuring that criminal defendants are afforded a fair trial.

Criminal trials are meant to be adversarial. Criminal defendants, faced with the prospect of loss of liberty, property, and sometimes life, must be given the opportunity to sift and question the State's evidence and to present their version of the events at issue. Of course, Corbin had that opportunity in this case and knowingly gave it up in exchange for valuable benefits.[6] Nevertheless, I am troubled by an agreement between the State and a defendant that converts a criminal trial into something that lacks all the qualities of an adversarial proceeding.

In this case, the State should have proceeded in one of two ways. It should have offered Corbin the benefits it gave him in exchange for Corbin's agreement to change his plea to guilty. To the extent that Corbin rejected such a deal or otherwise maintained his innocence, then the State should have tried Corbin on both the Burglary and Rape charges in a full, adversarial proceeding. I understand that both parties benefitted by the agreement they struck in this case, and that the agreement may have resulted in a more efficient use of judicial resources. However, I believe the dangers posed by this type of agreement and proceeding outweigh the benefits.

Although I strongly disapprove of the procedure used in this case, I cannot conclude

---

4. Defense counsel asked Corbin: "Do you understand that, uh, if we don't fight against what the State told the Court, you will be found guilty [of Burglary]. Do you understand that?" Corbin responded, "Yes." Record at 537.

5. In fact, the legal principle that stipulations are favored is derived from civil case law. The two criminal cases the majority cites for this principle, *Kelly v. State,* 527 N.E.2d 1148, 1153 (Ind. Ct.App.1988), *aff'd,* 539 N.E.2d 25, 26 (Ind.1989) and *Gann v. State,* 570 N.E.2d 976, 978 (Ind.Ct. App.1991), *trans. denied,* ultimately rely on a civil case, *Raper v. Union Fed. Sav. & Loan Ass'n of*

*Evansville,* 166 Ind.App. 482, 488, 336 N.E.2d 840, 844 (1975).

6. The agreement between Corbin and the State was as follows. Corbin agreed to waive his right to a jury trial, to stipulate to the State's evidence, and to waive his right to be sentenced within thirty days. Corbin also agreed not to "fight" the State's case. In exchange, the State agreed to dismiss a Rape charge if the court found Corbin guilty of Burglary and to permit Corbin to select a sentencing judge from a panel of judges.

that Corbin was denied a fair trial. Corbin knowingly and intelligently waived his right to confront and cross-examine the State's witnesses. He knowingly and intelligently gave up his right to present a defense. He received valuable benefits in exchange for giving up these rights, not the least of which was the dismissal of a Rape charge of which he almost certainly would have been convicted. Moreover, as previously noted, the evidence of Corbin's guilt on the Burglary charge is overwhelming. Even if Corbin had chosen to cross-examine the State's witnesses and to present a defense, I cannot envision that anything other than a conviction would have resulted. Corbin was not harmed.

For the foregoing reasons, I concur in result.