## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 28 2015, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Brendan K. Lahey
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Phil L. Honer,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

August 28, 2015

Court of Appeals Case No.
71A03-1503-PC-103

Appeal from the St. Joseph Superior Court.

The Honorable Jerome Frese, Judge.
Cause No. 71D03-0912-PC-58

**Darden, Senior Judge**

## Statement of the Case

Phil L. Honer appeals from the trial court's order denying his petition for post-conviction relief without holding a hearing. We affirm in part, reverse in part and remand.

# Issues

Honer presents the following issue on appeal, which we restate as: whether his petition for post-conviction relief conclusively showed that he is entitled to no relief.

The State cross-appeals, arguing that we should dismiss Honer's appeal because Honer's notice of appeal was not timely filed, thereby resulting in the forfeiture of his right to appeal, and there are no extraordinarily compelling reasons why Honer's forfeited right should be restored.

# Facts and Procedural History

The facts related to Honer's underlying conviction were set forth in our prior memorandum decision as follows:

> On September 6, 2006, around midnight, Officers Aaron Brick (Officer Brick) and Randall Goering (Officer Goering) of the South Bend Police Department, were traveling westbound on Western Street in South Bend, Indiana. As the Officers approached the intersection of Western and Walnut Streets, they pulled up behind an automobile stopped at a red light. While Officers Goering and Brick waited for the traffic signal to change, they observed the driver of the car, later identified as Honer, repeatedly looking back at them. When the light turned green, Honer tossed several clear plastic bags from his vehicle. The plastic bags landed to the left of the median separating the street. The Officers initiated a traffic stop. Officer Goering discovered that Honer was the only occupant of the vehicle and began to question him. As Officer Brick retrieved the discarded plastic bags, he observed no other trash in the immediate area. A field test concluded that the discarded plastic bags contained cocaine

and marijuana.  Both parties stipulated that the drugs found were 12.86 grams of cocaine and marijuana.  Officer Brick determined that the distance between where the cocaine and marijuana were recovered and Pulaski Park, a public park, was 111 feet.

*Honer v. State*, 71A05-0806-CR-364, *slip op.* at 1 (Ind. Ct. App. Nov. 5, 2008), *trans. denied* (2009).

The State charged Honer with one count of possession of marijuana[1] as a Class A misdemeanor; one count of possession of three or more grams of cocaine within one thousand feet of a public park[2] as a Class A felony; and, one count of possession of an automatic opening knife[3] as a Class B misdemeanor.  After his jury trial, Honer was found guilty as charged and received an aggregate sentence of thirty years executed.

On his direct appeal, Honer challenged the sufficiency of the evidence.  More specifically, he argued that the evidence was insufficient to overcome his defense that children were not present during the commission of the crime.  *See* Ind. Code § 35-48-4-16(b) (2001) (defense that person was briefly within 1,000 feet of public park and no person under eighteen years old at least three years junior to person was present there at time of offense).  The majority of a panel

---

[1] Ind. Code § 35-48-4-11 (1983).

[2] Ind. Code § 35-48-4-6(a) (2006); Ind. Code § 35-38-4-6(b)(3)(B)(ii) (2006).

[3] Ind. Code § 35-47-5-2 (2000).

of this court affirmed Honer's convictions. *Honer v. State*, 71A05-0806-CR-364 (Ind. Ct. App. Nov. 5, 2008), *trans. denied* (2009).

[7] Honer filed a petition for post-conviction relief on December 23, 2009, in which he raised five claims pertaining to ineffective assistance of counsel. Those claims are as follows: (1) trial counsel failed to challenge the method used to test the cocaine; (2) trial counsel failed to object to the testimony of the police officers about the authenticity of cocaine, thereby violating Honer's right to confrontation; (3) trial counsel failed to hold the State to its burden of proving beyond a reasonable doubt that he was within 1,000 feet of a public park by personally measuring the distance; (4) trial counsel failed to present during trial or closing argument the statutory defense that children were not present during the commission of the crime; and (5) trial counsel failed to present evidence on Honer's behalf to allow the jury to determine if children were present during the commission of the crime. Honer also filed an affidavit of indigency and requested the assistance of the State Public Defender.

[8] The State filed its response to Honer's petition on January 22, 2010. In that response, the State asserted the affirmative defenses of waiver, res judicata, and laches. The State also denied that Honer was entitled to post-conviction relief on any of his claims.

[9] On May 5, 2010, the trial court appointed the State Public Defender's Office to represent Honer. The State Public Defender's Office filed an appearance by counsel of May 24, 2010, in which counsel expressed a present inability to

investigate Honer's claims. On May 25, 2010, the trial court granted the motion to stay all proceedings until the State Public Defender notified the trial court of its ability to proceed with Honer's representation.

[10] On January 10, 2012, substitute counsel with the State Public Defender's Office filed a notice of substitution as counsel of record for Honer with the trial court. On February 16, 2012, counsel filed a notice of withdrawal of appearance and a certification with the trial court in which counsel noted that he had investigated Honer's claims, expressed his opinion of those claims to Honer, and that Honer wished to proceed with his petition nonetheless.

[11] On March 7, 2012, the trial court entered an order in response to the withdrawal of the State Public Defender. In the order, the trial court acknowledged the procedural history of Honer's petition, granted the State Public Defender's request to withdraw, and gave Honer forty-five days in which to notify the trial court whether he was hiring private counsel or proceeding pro se, and if he wished to amend his petition. The trial court also declined to appoint successor counsel for Honer.

[12] On February 19, 2015, the trial court entered its findings and order denying Honer's petition for post-conviction relief. In the order, the trial court noted that it had the option of dismissing the petition pursuant to Indiana Trial Rule 41(E) for Honer's failure to comply with the trial court's March 7, 2012 order. However, instead of issuing an order dismissing Honer's petition for failure to prosecute, the trial court chose to enter findings on the merits of Honer's

petition, noting in support of that decision that the State had submitted a response to Honer's petition. Honer now appeals.

# Discussion and Decision

## I. The State's Cross-Appeal

The State argues that we should dismiss Honer's appeal because Honer's notice of appeal was not timely filed, thereby resulting in the forfeiture of his right to appeal. The State also claimed that there are no extraordinarily compelling reasons why Honer's forfeited right to appeal should be restored. We disagree.

The Supreme Court, in *In Re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014), clarified that "although a party forfeits its right to appeal based on an untimely filing of the Notice of Appeal, this untimely filing is not a jurisdictional defect depriving the appellate courts of authority to entertain the appeal." Rather, when a notice of appeal is untimely filed such that the right to appeal has been forfeited, "the question is whether there are extraordinarily compelling reasons why this forfeited right should be restored." *Id.*

The State claims that there are no extraordinarily compelling reasons why Honer's forfeited right to appeal should be restored, in part because Honer has already had a direct appeal from his convictions. Before that question can be answered, however, we must determine if Honer's notice of appeal was in fact untimely.

[16]  The trial court entered its order denying Honer's petition for post-conviction relief on Thursday, February 19, 2015, and the chronological case summary notes the trial court's order on that date. Honer's notice of appeal was filed on Monday, March 23, 2015. Indiana Appellate Rule 9(A)(1) provides that a party initiates an appeal by filing a notice of appeal within thirty days after the entry of a final judgment is noted in the chronological case summary. Therefore, the deadline for filing Honer's notice of appeal was Saturday, March 21, 2015. Indiana Appellate Rule 25(B), which explains the computation of time, provides that the day of the act or event from which a period of time begins to run is not included in the computation. The rule further provides that the last day of the period is included in the computation unless it is a non-business day, which is defined as a Saturday, a Sunday, a legal holiday, or a day the Office of the Clerk is closed during regular business hours. Ind. Appellate Rule 25(A). Here, the last day of the period fell on a Saturday, a non-business day. In such a case, the rule further provides that the period runs until the end of the next business day. Ind. Appellate Rule 25(B). A business day is defined as all other days. Ind. Appellate Rule 25(A).

[17]  Therefore, Honer's notice of appeal was timely filed. We need not address the State's additional argument concerning the existence of extraordinarily compelling reasons to restore a forfeited right to appeal, and turn now to the merits of the Honer's appeal.

# II. Entitlement to Post-Conviction Relief

[18] Honer contends that the trial court erred by denying his petition for post-conviction relief on the basis that his petition conclusively showed he is entitled to no relief.

[19] "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* at 274. "To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id.* Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). *Id.* "Although we do not defer to the post-conviction court's legal conclusions, '[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted)).

[20] In this case, the trial court denied Honer's petition for post-conviction relief without holding a hearing. Additionally, neither party requested summary disposition. Turning to the Rules of Post-Conviction Relief, we have noted that there are two subsections under Post-Conviction Rule 1, section 4, that address

such situations where the court enters judgment without holding a hearing, and each subsection leads to a different standard of review on appeal. *Allen v. State*, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003). Of those two subsections, Post-Conviction Rule 1, section 4(f) is applicable here, and provides as follows:

> If the State Public Defender has filed an appearance, the State Public Defender shall have sixty (60) days to respond to the State's answer to the petition filed pursuant to Rule PC 1(4)(a). If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings.

[21] Honer frames his argument in terms of whether there is a genuine issue of material fact precluding denial of his petition as a matter of law, invoking a standard of review more appropriate under Post-Conviction Rule 1, section 4(g), where either party has moved for summary disposition. However, we will review the claim under subsection 4(f).

[22] "[W]hen a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings." *Allen*, 791 N.E.2d at 752. A court errs in disposing of the petition without a hearing unless the pleadings conclusively show that the petitioner is entitled to no relief as to his claims. *Id.* at 752-53. If a petition alleges only errors of law, then the court may make the determination without a hearing whether the petitioner is entitled to relief on those questions of law. *Id.* at 753. If, on the other hand, the facts pleaded raise an issue of possible merit, then the petition should not be disposed of under section 4(f). *Id.* Such is the case even if

the petitioner has only a remote chance of establishing his claim in such a hearing. *Id.*

[23] The first two of Honer's claims involve challenges concerning the cocaine evidence. He argued that counsel was ineffective for failing to challenge the method the officers used to test the cocaine and by failing to object to the officers' testimony about the authenticity of the cocaine. The State responded by noting that Honer and the State entered into a stipulation agreement that the substances found were cocaine and marijuana. Prior to trial, a laboratory technician had already verified that the substances were cocaine and marijuana. The technician did not testify at trial, but the State could have called the technician as a witness, except for the stipulation agreement between the parties.

[24] Also, the field test conducted by the officers indicated that the substances were cocaine and marijuana. We have held that the opinion testimony of someone sufficiently experienced with a drug may establish its identity, as may other evidence. *Boggs v. State*, 928 N.E.2d 855, 865 (Ind. Ct. App. 2010), *trans. denied*. Additionally, stipulations are looked upon with favor as a method by which litigation may be simplified and expedited. *Corbin v. State*, 713 N.E.2d 906, 908 (Ind. Ct. App. 1999), *trans. denied*.

[25] Honer's counsel's decision to stipulate to the identification of the substances involves a matter of trial strategy. Trial counsel is given significant deference in the choice of a trial strategy, which at the time and under the circumstances he

deems is best. *Benefield v. State*, 945 N.E.2d 791, 799 (Ind. Ct. App. 2011). On review, we will not second-guess trial counsel's choice of trial tactics. *Id.* Moreover, trial strategy is not subject to attack via an ineffective assistance of counsel claim unless the trial strategy is so deficient or unreasonable that it falls outside an objective standard of reasonableness. *Id.*

[26] There is nothing improper with stipulating to expected testimony. *Corbin*, 713 N.E.2d at 908. The pleadings conclusively show that Honer is entitled to no relief as to his first two claims, and the facts do not raise an issue of possible merit.

[27] Honer also argued that trial counsel was ineffective by failing to personally measure the distance between the location of the traffic stop and Pulaski Park to verify whether he possessed cocaine within 1,000 feet of the park. He also argues that trial counsel was ineffective by failing to challenge the method used to measure the distance. One of the officers testified at Honer's trial that the location of the stop was 111 feet from the park. Based upon the pleadings, the facts do not raise an issue of possible merit. The testimony at trial established that Honer was stopped well within 1,000 feet of the park. Under the circumstances herein, trial counsel's decision not to personally measure the distance or challenge the method used to measure the distance, was reasonable trial strategy. The court did not err by denying relief as to this claim without holding an evidentiary hearing.

[28]   Next, Honer raised two claims regarding whether there were children present within 1,000 feet of where he committed the offense. He claimed that he received ineffective assistance of counsel because counsel did not present during trial or closing argument the statutory defense that children were not present during the commission of the crime. He also alleged that trial counsel failed to present evidence on Honer's behalf to allow the jury to determine if children were present during the commission of the crime.

[29]   In denying relief to Honer, the court found that those claims were barred by res judicata as they had been resolved in this Court's decision on Honer's direct appeal. We conclude that the trial court erred by failing to have an evidentiary hearing on these issues. The pleadings do not conclusively show that Honer is entitled to no relief on the issue of whether he was denied effective assistance of counsel and the facts raise an issue of possible merit.

[30]   In Honer's direct appeal he argued that the evidence was insufficient to rebut the affirmative defense that children were not present during the commission of the crime. Indiana Code section 35-48-4-6(a) provides that a person possessing cocaine who does not have a valid prescription for the drug commits the offense of possession of cocaine, a Class D felony offense. The offense is enhanced in pertinent part to a Class C felony if the defendant engages in such conduct and the amount of the cocaine weighs three grams or more. Here, the parties stipulated that the cocaine weighed 12.86 grams. Therefore, we need not discuss the Class B felony enhancement which applies to the possession of less than three grams of cocaine within 1,000 feet of a public park. Ind. Code § 35-

48-4-6(b)(2)(B)(ii). The offense is further enhanced to a Class A felony in pertinent part if the defendant engages in such conduct if he possesses more than three grams of cocaine within 1,000 feet of a public park. Ind. Code § 35-48-4-6(b)(3)(B)(ii).

[31] However, Indiana Code section § 35-48-4-16(b) provides certain defenses to qualifying offenses, of which Honer's conviction of possession of cocaine is one. Subsection (b) provides in pertinent part that it is a defense to the charge: (1) if the person was briefly in, on, or within 1,000 feet of a public park; and (2) that no person under eighteen years of age at least three years junior to the defendant was in, on, or within 1,000 feet of the public park at the time of the offense. There is no dispute regarding the brevity of Honer's presence within 1,000 feet of Pulaski Park. Instead, the dispute centers on the presence of children in the protected zone at the time of the offense.

[32] In our decision on Honer's direct appeal we acknowledged cases which set forth the requirement that the defendant bears an initial burden of proof by a preponderance of the evidence on any affirmative defense. *See, e.g.*, *Adkins v. State*, 887 N.E.2d 934, 938 (Ind. 2008). We went on to hold that "the State's evidence is sufficient to rebut Honer's defense." *Honer v. State*, 71A05-0806-CR-364, *slip op.* at 2 (Ind. Ct. App. Nov. 5, 2008), *trans. denied* (2009).

[33] In support of his contention that there was insufficient evidence, Honer pointed to the lack of testimony during cross-examination that there were children present within the park or surrounding protected zone at the time of the offense.

The majority affirmed the conviction citing to testimony provided by the officers that they had seen children present at various times other than the time of the offense in what they characterized as a mixed neighborhood of businesses and residences. We concluded that the State had sufficiently rebutted Honer's affirmative defense.

[34] In his petition for post-conviction relief, however, he alleges that no such defense was asserted or argued and that no evidence was presented in support of the affirmative defense. He claims that trial counsel was ineffective for failing to present evidence in support of that affirmative defense.

[35] The State, in its response to Honer's petition, presented an argument similar to the one made by Judge Bailey in his dissenting opinion in Honer's direct appeal. The State argued that because the offense happened a little after midnight, "the park was closed and curfews would have prevented children from being present. Thus, there appeared to be no question that children were not present in the park." Appellant's App. at 50. The State further argued that trial counsel's cross-examination at trial convinced at least one judge on the panel deciding Honer's direct appeal that the State had not rebutted the affirmative defense and thus, trial counsel was not ineffective.

[36] The State has the burden of proving all elements of a charged crime beyond a reasonable doubt. *Moore v. State*, 673 N.E.2d 776, 779 (Ind. Ct. App. 1996), *trans. denied*. However, the burden of proving an affirmative defense may be placed on the defendant, provided that proving the defense does not require the

defendant to negate an element of the crime. *Id.* The absence of children within 1,000 feet of a public park at the time of the offense is not an element of the crime. Ind. Code § 35-48-4-6(b)(3)(B)(ii). Rather, the affirmative defense "establishes separate and distinct facts in mitigation of culpability." *See Geljack v. State*, 671 N.E.2d 163, 165 (Ind. Ct. App. 1996) (discussing burdens in context of emergency defense to operating motor vehicle while license suspended). The defendant must raise the affirmative defense and bears the initial burden of proof by a preponderance of the evidence. *Wilson v. State*, 4 N.E.3d 670, 676 (Ind. Ct. App. 2014). The State bears the burden of negating beyond a reasonable doubt any defense sufficiently raised by the defendant. *Id.*

[37] The pleadings show that Honer argues that he received ineffective assistance of counsel because the defense was not sufficiently raised by counsel, while the State argues that it was. The consequences to Honer of the failure to present the evidence of the affirmative defense meant the difference between being convicted of a Class A felony, if children were found to be present at the time of the offense, and a Class C felony if children were not found to be present. Without deciding the issue, we conclude that Honer has raised an issue of possible merit warranting an evidentiary hearing as opposed to a decision on the pleadings.

# Conclusion

[38] Honer's notice of appeal was timely filed, so we find that his appeal should not be dismissed as forfeited. Reaching the merits of this appeal, we conclude that

the court properly found three of Honer's claims could be disposed of without a hearing. However, the pleadings with respect to the last two of Honer's claims present facts that raise an issue of possible merit.

[39] Affirmed in part, reversed in part and remanded.

Robb, J., and Pyle, J., concur.