## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 11 2017, 6:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender –
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Howard,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 11, 2017

Court of Appeals Case No.
49A02-1609-CR-2105

Appeal from the Marion Superior Court

The Honorable Alicia A. Gooden, Judge

Trial Court Cause No.
49G21-1603-F4-11341

**Bradford, Judge.**

# Case Summary

On March 23, 2016, Appellant-Defendant David Howard was charged with Count I Level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF"), Count II Level 5 felony possession of a narcotic drug while in possession of a firearm, Count III Class A misdemeanor driving while suspended, and Count IV Class B misdemeanor possession of marijuana. Howard's bifurcated trial was held on June 30, 2016. In the first phase, the jury found Howard guilty of unlawful possession of a firearm, possession of a narcotic drug with a firearm and the lesser-included offense of possession of a narcotic drug, driving while suspended, and possession of marijuana. Howard stipulated to his prior robbery conviction but did not waive his right to a jury trial for the SVF enhancement. However, the trial court found Howard guilty of Count I. Howard was sentenced to eight years executed for Count I, 910 days for Count II, 180 days for Count III, and 196 days for Count IV, all sentences to be served concurrently.

Howard challenges his conviction of Count I arguing that he did not waive his right to a jury trial for the SVF enhancement. Because it is fundamental error to violate the right to trial by jury, we reverse and remand for a new trial on the SVF enhancement for Count I.

# Facts and Procedural History

[3] On March 23, 2016, Indianapolis Metropolitan Police Department ("IMPD") Officer Kenneth Kunz and other officers were deployed to 25th Street and Keystone Avenue when they observed suspicious behavior involving a dark-colored Impala at a gas station. Officers stopped the vehicle a short time later after observing traffic infractions committed by the driver of the vehicle.

[4] Howard was the driver and sole occupant of the vehicle. Two officers approached the vehicle, one on the passenger side and one on the driver's side. Howard admitted to the officers that his driver's license was suspended, which the officers subsequently verified, and Howard was arrested. While one of the officers was patting Howard down following his arrest, the officer found oxycodone in a white pill bottle and a bag containing what he suspected was marijuana. A search of the vehicle that Howard had been driving also revealed a handgun under the front passenger's seat.

[5] Appellee-Plaintiff the State of Indiana ("the State") charged Howard with unlawful possession of a firearm by a SVF as a Level 4 felony, possession of a narcotic drug while in possession of a firearm, driving while suspended as a Class A misdemeanor, and possession of marijuana as a Class B misdemeanor. The trial was bifurcated. During the first phase of the trial, the jury found Howard guilty of possessing a firearm, but the trial court reserved the determination of whether Howard was a SVF for the second phase.

[6] Before the second phase of the trial, the trial court asked Howard if he wanted to stipulate to his prior conviction for a C felony robbery or if he wanted to

waive his right to a jury trial; Howard told the trial court he did not want to do either. The trial court subsequently brought the jury back into the courtroom and informed them that there would be a second phase to the trial. Shortly thereafter, Howard changed his mind and stipulated to his prior conviction. Howard did not, however, waive his right to a jury trial.

[7] While the jury was waiting in the deliberation room, the trial court found Howard guilty of being a SVF in possession of a firearm. The trial court then sentenced Howard to eight years executed for his unlawful possession of a firearm by a SVF conviction and ordered the other remaining sentences to run concurrently with it. Howard now appeals his unlawful possession of a firearm by a SVF and the sentence for that conviction.

# Discussion and Decision

[8] "The United States and Indiana Constitutions guaranty the right to trial by jury." *Poore v. State*, 681 N.E.2d 204, 206 (Ind. 1997).

> A person charged with a felony has an automatic right to a jury trial, and he is presumed not to waive this right unless he affirmatively acts to do so. It is fundamental error to deny a jury trial unless there is evidence of a knowing, voluntary and intelligent waiver of the right.

*Jones v. State*, 810 N.E.2d 777 (Ind. Ct. App. 2004). "The defendant must express his personal desire to waive a jury trial and such a personal desire must

be apparent from the court's record, whether in the form of a written waiver or a colloquy in open court." *Id*. (citations omitted).

[9] Howard argues, and the State concedes, that the record does not reflect that he knowingly, voluntarily and intelligently waived his right to a jury trial. Howard merely stipulated to the fact that he had a prior felony conviction. However, Howard did not plead guilty to the SVF enhancement. *See Corbin v. State*, 713 N.E.2d 906, 908 (Ind. Ct. App. 1999) ("Moreover, the stipulation to certain facts in no way transforms a trial into a guilty plea hearing.").

[10] "A violation of the right to a trial by jury is a fundamental error, and cannot be considered harmless." *Duncan v State*, 975 N.E.2d 838, 844 (Ind. Ct. App. 2012). We therefore reverse Howard's Level 4 felony SVF conviction and remand for a new trial on that particular charge. Because we reverse Howard's SVF conviction, we need not address his claim regarding double jeopardy.

[11] We reverse and remand for a new trial for the SVF enhancement in Count I.

Najam, J., and Riley, J., concur.